ROTENBERRY, et al. *v.* ARNOLD, et ux.

Division A.   Nov. 19, 1951.

No. 38095  (55 So. (2d) 141)

Ben M. Caldwell and T. N. Gore, for appellants.

J. B. Boyles, for appellees.

Lee, J.

H. A. Arnold et ux. filed their suit to cancel the claim of C. G. Rotenberry et ux. to a certain parcel of land

described in the bill of complaint and for other purposes. The decree cancelled the claim of the Rotenberrys, but denied the other relief prayed for. The Rotenberrys appeal, but there is no cross-appeal.

Appellants and appellees were the owners, respectively, of the SE ¼ of SW ¼ of Section 27, and the NE ¼ of the NW ¼ of Section 34, same township and range. Yocona River runs across the land of the appellants, with the result that the small parcel of land here involved is south of the river. It is also contiguous to the lands of appellees on the south.

Appellees obtained title to their land at a tax sale on April 10, 1925. They thereafter sold the land to a purchaser, who, in 1930, went into possession of the disputed parcel, built a crib thereon, fenced up a mule lot and grazing place, cut some of the small timber, and extended the fences to the river bank. The then owner reconveyed the property to appellees on January 11, 1936.

The land now owned by the appellants was sold to the State for taxes in 1930. A patent was issued to C. W. Wood therefor on October 22, 1936. Subsequently the title passed to one Jaudon on November 16, 1937, at whose instance a survey was made on March 15, 1939. On December 1, 1942, appellants became the owners.

It is undisputed that appellees were in full possession of this parcel of land when the patent was issued by the State, when the survey was made, and when the appellants became the owners. Yet, neither the then owners, nor any one of them, made any effort to put the appellees off the land. And, in the spring of 1945, when appellees built a costly barn on the premises, the appellants made no objection, and did nothing to prevent the erection of the structure. In fact, appellants made no claim to this parcel of land until after another survey had been made about the middle of 1948.

The proof is overwhelming that appellees were in peaceable possession of the tract of land, exercising

566

all acts thereover of which it was susceptible, with no one disputing their possession or attempting to put them off, from October 22, 1936, until the latter part of 1948—at least twelve years. The establishment of appellees' title by adverse possession, under such proof, is too obvious to require the citation of authorities.

Of course, statutes of limitation in such cases, do not run against the State. However, the State parted with its title on October 22, 1936, and appellees acquired their title by adverse possession during the succeeding twelve years.

██ █ Neither did appellees' offer to pay for the land in 1949, after their title by adverse possession had ripened, constitute a disclaimer of their title. The proof showed that their sole purpose, in that regard, was to preserve peace and prevent trouble.

Affirmed.